366 A.2d 1149.

RALPH DiMASI *vs.* JAMES W. MULLEN.

DECEMBER 3, 1976.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris,, JJ.

PAOLINO, J. This is a petition for a writ of habeas corpus to admit the petitioner to bail pending trial.

Ralph DiMasi was arrested for the December 27, 1973, armed robbery of the Marquette Credit Union in Manville, Rhode Island. On September 9 and 11, 1975, he had a bail hearing before a justice of the Superior Court. The state presented two witnesses and the petitioner three. At the close of the testimony the hearing judge determined that petitioner was not entitled to bail as a matter of right under art. I, §9 of the Rhode Island Constitution.[1] Thereupon he denied bail without further consideration. On April 1, 1976, however, petitioner was finally admitted to bail pending disposition of this appeal. While this petition is thus rendered technically moot, we will proceed to consider its merits because it presents a recurring question that is otherwise capable of evading review. *Massey* v. *Mullen*, 117 R.I. 274, 366 A.2d 1144.[2]

The petitioner's first argument is that he was not permitted to cross-examine a witness with respect to promises of immunity made to him by the prosecution. We have studied the record and find no basis for this complaint. The hearing judge permitted all the essential terms of the bargain to be introduced and curtailed only irrelevant and repetitious questioning.

---

[1] Rhode Island Const., art. I, §9 provides in relevant part:

"All persons imprisoned ought to be bailed by sufficient surety, unless for offences punishable by death or by imprisonment for life, when the proof of guilt is evident or the presumption great."

[2] We note that on October 5, 1976, the state's motion to vacate petitioner's bail was granted and, presumably, petitioner is once again in custody. Neither the state's motion nor the lower court's order are a part of the record currently before us and we shall accordingly continue to treat the present petition as being technically moot.

The petitioner's second argument is that the hearing judge applied an incorrect test in determining that the "proof of guilt is evident or the presumption great." This argument is also without merit. The hearing judge applied exactly the same test that we adopted in *Fountaine* v. *Mullen,* 117 R.I. 262, 366 A.2d 1138 (1976). He said:

> "The test appears to be, as I read it, that the trial justice must make a determination that the circumstances, if believed by the jury, either could or could not reasonably support a finding of guilty of the charge. And if it is found that the circumstances, if believed by the jury could reasonably support a finding of guilty, then the Court is justified in holding the defendant without bail. If he finds the circumstances if believed by a jury, could not support a finding of guilty, then of course he cannot and should not hold the defendant without bail."

Third, petitioner argues that the judge erroneously refused to consider the credibility of the witnesses. This argument is unpersuasive. Under the rule we adopt today in the *Fountaine* case, such assessments are unnecessary. In *Fountaine* we held that the standard of proof at a bail hearing is satisfied when evidence is produced, which, when considered in the light most favorable to the state, is legally sufficient to sustain a verdict of guilty.

After finding that the state had satisfied the proper standard of proof, however, the hearing judge, in the present case, denied bail without further consideration. Under our decision in *Fountaine* this was error because the petitioner should be afforded a hearing to determine whether he should be granted bail as a matter of discretion.

It was error for the trial justice to deny bail to this petitioner without first affording him a hearing to determine whether he should have been granted bail as a matter

of discretion. Because the case is technically moot, however, the writ of habeas corpus need not actually issue.

*Kirk Y. Griffin,* Boston, Mass., for petitioner.

*Julius C. Michaelson,* Attorney General, *Judith Romney Wegner,* Special Asst. Attorney General, for respondent.